IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONY LAMAR PINKARD, SR.,           )
                                   )
             Plaintiff,            )
                                   )
      v.                           )       1:14CV213
                                   )
DIRECTOR SLATE, et al.,            )
                                   )
             Defendant(s).         )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.  Plaintiff lists "K. Adams" as defendant, but makes no allegations against this person in the statement of his claim. (See Docket Entry 2, § V.) He does mention in earlier portions of the Complaint that "K. Adams" is somehow interfering with the jail grievance process. (Id., §§ III, IV.) Even if true, this does not state any claim for relief. There is no constitutional right to a grievance process. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State).

2.  Plaintiff's allegations against Defendant Director Slater also do not state a claim for relief at this point. A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Here, Plaintiff alleges that Slater does not give him an hour of recreation time so that he can exercise his hips, which were previously replaced, to prevent them from becoming stiff. (Docket Entry 2, § V.) While these facts are arguably "consistent with" Slater's liability, they do not currently show more than a mere possibility that Slater is violating Plaintiff's rights. The sparse nature of Plaintiff's factual allegations prevents a proper evaluation of the claims. For instance, Plaintiff does not appear to be claiming that he is on a complete lockdown, does not explain why he cannot walk as necessary in his cell or other accessible areas, does not provide the reasons for the lack of recreation time, and does not disclose the duration of the alleged deprivation. In short, he does not provide the necessary context to allow the Court to determine whether plausible grounds for relief exist.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy

of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 20th day of March, 2014.

        /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**